USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONOVAN HOWARD,

                Plaintiff,        02 Civ. 5817 (JGK)

    - against -           MEMORANDUM OPINION
                                          AND ORDER

THE CITY OF NEW YORK,

                Defendant.

---

JOHN G. KOELTL, District Judge:

The plaintiff has filed a letter brief arguing that the plaintiff has asserted a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983 and a claim pursuant to 42 U.S.C. § 1981. The defendant contends that such claims were not stated in the Amended Complaint and that to assert them now when the case is on the eve of trial after almost six years of litigation would be unfairly prejudicial.

In order to establish a First Amendment claim of retaliation as a public employee, a plaintiff must show that "(1) his speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action." Mandell v. County of Suffolk, 316 F.3d 368, 382 (2d Cir. 2003). The Amended Complaint does not include any specific

1

allegations that the plaintiff's speech as a private citizen addressed a matter of public concern. See Garcetti v. Ceballos, 547 U.S. 410, 418 (2006). The allegations in the Amended Complaint do not suggest that the plaintiff's complaints of discrimination were motivated by the "broader public purpose" of assisting others as opposed to a desire to "redress personal grievances." Lewis v. Cowen, 165 F.3d 154, 163-64 (2d Cir. 1999); cf. Konits v. Valley Stream Cent. High Sch. Dist., 394 F.3d 121, 125-26 (2d Cir. 2005) (public concern requirement satisfied where "lawsuit was predicated on speech about . . . discrimination against a fellow employee.")

In any event, to impose § 1983 or § 1981 liability upon a municipality, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injuries. See Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); see also Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735-36 (1989); Sorlucco v. N.Y. City Police Dep't, 971 F.2d 864, 870 (2d Cir. 1992); Bullard v. City of New York, 240 F. Supp. 2d 292, 299-300 (S.D.N.Y. 2003). The plaintiff must demonstrate that the municipality was the "moving force" behind the injuries alleged. Brown, 520 U.S. at 404; Monell, 436 U.S. at 692. The alleged policy does not need to be contained in an explicitly adopted rule so long as the unlawful practices of city officials are so

"persistent and widespread . . . as to constitute a custom or usage with the force of law." Sorlucco, 971 F.2d at 870-71 (internal quotations omitted). There are no allegations in the Amended Complaint that allege that the plaintiff's termination or any alleged hostile treatment was pursuant to municipal policy or custom.

The plaintiff argues that an adverse employment decision made by a government official with final authority constitutes municipal policy. However, the Amended Complaint does not even allege who in fact terminated the plaintiff, whether that person was a final decisionmaker, and whether that person discriminated against the plaintiff or otherwise approved of or was deliberately indifferent to the alleged discriminatory actions. Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 128 (2d Cir. 2004); see also Isaacs v. City of New York, et al., No. 04 Civ. 5108, 2005 U.S. Dist. LEXIS 35292, at *20-25 (S.D.N.Y. Dec. 16, 2005). Therefore, the Court finds that the Amended Complaint, even broadly construed, does not state a First Amendment retaliation claim pursuant to § 1983 or a discrimination claim pursuant to § 1981.

The plaintiff has not requested leave to amend the complaint.[1] In any event, such a request would be without merit because the plaintiff has been represented by counsel as of May 2007 and the City would be prejudiced if the plaintiff were permitted to replead at this point.

SO ORDERED.

Dated: New York, New York
July 15, 2008

_____
John G. Koeltl
United States District Judge

---

[1] The Court notes that the amended complaint does not refer to § 1981, which lends additional support to the defendant's argument that it was not given fair notice of this claim and it would therefore be prejudiced by allowing such a claim to proceed to trial.